IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| International Association of Fire Fighters, Local 365, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 2:21-cv-00154-TLS-APR ) ) |
| City of East Chicago, et al., | ) ) |
| Defendants. | ) ) |

## REPORT OF THE PARTIES' PLANNING MEETING

**1. Planning Meeting.**

The parties held a planning meeting conferred via conference call under Fed. R. Civ. P. 26(f) and agreed to this report on July 16, 2021. Ryan Cowdin participated for the plaintiffs, and Michael E. Tolbert and Carla Morgan participated for the defendants.

**2. Jurisdiction.**

The court has original jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. The cause of action alleges a violation of the United States Constitution and 42 U.S.C. § 1983.

**3. Pre-Discovery Disclosures.**

The parties will exchange, *but may not file*, Rule 26(a)(1) information by August 16, 2021.

**4. Discovery Plan.**

The parties propose the following discovery plan:

Plaintiffs expect to conduct written discovery in the form of requests for production of documents and interrogatories related to the facts and circumstances of this case, including but not limited to, defendants' retaliatory actions taken against plaintiffs for exercising their First Amendment Rights as described in the plaintiffs' complaint, defendants' policies and practices, issues related to damages, including, but not limited to, plaintiffs' payroll records; and issues related to any affirmative defenses raised by defendants. Following

written discovery, plaintiffs intend to take fact depositions of the named defendants as well as other persons having information about the plaintiffs' claims and defendants' defenses as well as Rule 30(b)(6) deposition testimony. Discovery anticipated must be consistent with all applicable Federal and Local Rules which govern discovery and the gathering of information from an opposing or third-party.

Defendant expects to conduct discovery related to the alleged issues raised in the Plaintiffs' Complaint and any discovery necessary on the issues raised by the Defendants' Answer. Discovery anticipated must be consistent with all applicable Federal and Local Rules which govern discovery and the gathering of information from an opposing or third-party.

Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

The parties acknowledge that they are required to preserve relevant ESI. If any disagreement arises regarding ESI, the parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. The parties agree to work together in good faith to produce electronically stored information in accordance with Rule 34(b)(2)(E). Disclosure and production of ESI will be limited to data that is reasonably available and in the parties' custody and control. The parties agree to work together to avoid unnecessary costs and burdens in the production of ESI.

The last date to complete all written discovery is February 1, 2022.

The last date to complete all oral discovery in the form of depositions of fact witnesses is May 2, 2022.

Maximum number of interrogatories with respect to parties is outlined as follows:

- Plaintiffs, collectively and globally, may serve no more than 25 interrogatories on the City of East Chicago;
- Plaintiffs, collectively and globally, may serve no more than 25 interrogatories on Anthony Copeland, individually.
- Plaintiffs, collectively and globally, may serve no more than 25 interrogatories on Anthony Serna, individually.
- Defendants, collectively and globally, may serve no more than 35 interrogatories on International Association of Fire Fighters, Local 365.
- Defendants, collectively and globally, may serve no more than 35 interrogatories on the individually named Plaintiffs, as a group.

No more than 40 requests for admission may be served by the Plaintiffs jointly and collectively.

No more than 40 requests for admissions may be served by the Defendants jointly and collectively.

No more than 50 Requests for Production of Documents may be served by the Plaintiffs jointly and collectively.

No more than 50 Requests for Production of Documents may be served by the Defendants jointly and collectively.

Maximum of 15 depositions by plaintiffs of non-parties and 15 depositions by defendants of non-parties. The parties shall be entitled to depose named parties pursuant to the Federal Rules, which is not subject to the above-mentioned limit. The parties agree to discuss the possibility of conducting some or all depositions remotely, such as via Zoom.

Each deposition is limited to a maximum of 7 hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

March 1, 2022, for plaintiffs;
May 16, 2022, for defendants; and
Rule 26(e) supplements shall be made in accordance with Federal Rule 26(e)(2).

Expert discovery deadline: September 12, 2022

Any dispositive motions deadline will be set by the Court and/or District Court Judge.

5. **Other Items.**

The last date the plaintiff(s) may seek permission to join additional parties and to amend the pleadings is March 1, 2022.

The last date the defendants may seek permission to join additional parties and to amend the pleadings is April 1, 2022.

The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.
The case should be ready for jury trial by November 2022, and at this time is expected to take approximately 7 days.

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge.

6. **Alternative Dispute Resolution.**

Although the parties remain open to mediating at a later date, the parties do not believe mediation or other alternative dispute resolution would be productive at this time.

7. **Injunction Discovery.**

The Plaintiffs have indicated that a Motion for a Preliminary Injunction will be filed. Defendants seek expedited discovery prior to the Court setting a hearing to determine whether a preliminary injunction should be denied or granted. The Defendant's proposed discovery would include:

- Disclosure by Plaintiffs of all witnesses that will testify at the hearing for preliminary injunction within 5 days of the motion being filed.
- Disclosure of any and all documents that will be used at the hearing for preliminary injunction.
- Depositions of all witnesses that the Plaintiffs will call at the hearing for preliminary injunction.
- 15 Limited Interrogatories and 15 Request for Production of Documents served on Plaintiffs to be answered within 10 days of being served.

This above discovery set forth in section 7 shall not count towards the agreed upon maximum limits related to discovery discussed and agreed upon by the parties in other sections of this discovery plan nor impact the Defendants' right to conduct discovery and depose any Plaintiff named in this lawsuit or any third-parties.

**OBJECTION:** PLAINTIFFS' COUNSEL OBJECTS TO SECTION 7 OF THIS DISCOVERY PLAN AND BELIEVES IT SHOULD NOT BE INCLUDED.

Date: July 16, 2021

**/s/ *Keith A. Karlson***
Keith A. Karlson, Esq.
Raymond G. Garza, Esq.
Karlson Garza McQueary LLC
12413 S. Harlem Avenue, Suite 1SE
Palos Heights, Illinois 60463
kkarlson@kgmlawyers.com
(708) 761-9030

**/s/ *Sara L. Faulman***
Sara L. Faulman, Esq. (PHV)
Ryan C. Cowdin, Esq. (PHV)
McGillivary Steele Elkin LLP
1101 Vermont Ave NW, Suite 1000
Washington, DC 20005
slf@mselaborlaw.com
rcc@mselaborlaw.com
(202) 833-8855
*Counsel for Plaintiffs*

**/s/ *Michael E. Tolbert***
Partner
Tolbert & Tolbert LLC
1085 Broadway, Suite B
Gary, Indiana 46402
mtolbert@tolbertlegal.com
(219) 427-0094
*Counsel for Defendant City of East Chicago & Anthony Copeland*

**/s/ *Carla Morgan***
Corporation Counsel
City of East Chicago Law Department
(219) 391-8291
cmorgan@EastChicago.com
*Counsel for Defendant Anthony Serna*