UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF <br> FIRE FIGHTERS, LOCAL 365, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF EAST CHICAGO, INDIANA, <br> a Municipal Corporation, *et. al.*, <br><br> Defendants. | Case No. 2:21-cv-154 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Amended Complaint [DE 92] filed by the plaintiffs, International Association of Fire Fighters, Local 365, on December 30, 2022. For the following reasons, the motion is **GRANTED.**

*Background*

On May 4, 2021, the plaintiffs, International Association of Fire Fighters, Local 365, along with several current and former firefighters with the East Chicago Fire Department, filed their original complaint [DE 1] against the defendants, City of East Chicago, Indiana, Anthony Copeland, and Anthony Serna, alleging that the defendants violated their First Amendment rights under 42 U.S.C. § 1983, *inter alia*, as well as violations under Indiana law. The plaintiffs contend that the defendants implemented an eight-hour work schedule in retaliation against the political activity that the plaintiffs engaged in during the mayoral and City Council elections in the spring of 2019. On July 20, 2021, the plaintiffs filed a motion for preliminary injunction [DE 26] and requested that the court enjoin the defendants from continuing to use the eight-hours work schedule and revert to a 24/48 schedule. The court granted the preliminary injunction [DE 76] on March 31,

2022. On April 26, 2022, the defendants filed a notice of appeal [DE 78], and the Court of Appeals later affirmed the decision to grant the preliminary injunction. See *Int'l Ass'n of Fire Fighters, Loc. 365 v. City of E. Chicago*, No. 22-1708, 2022 WL 17829283 (7th Cir. Dec. 21, 2022).

On May 17, 2022, before the Seventh Circuit rendered a decision on the preliminary injunction, the court approved and adopted the Amended Report of the Parties' [DE 90] which, in part, permitted the plaintiff to seek leave of court to join additional parties and to amend the pleadings until December 31, 2022. On December 30, 2022, the plaintiffs filed the instant motion [DE 92] seeking leave of the court to add four additional plaintiffs: Manuel Paredes, Omar Nunez, Daniel Krull, and Michael Wiedemann Sr. The defendants filed their response [DE 95] on January 17, 2023, which only objected to the addition of Manuel Paredes as a plaintiff. On January 24, 2023, the plaintiffs filed their reply [DE 97].

*Discussion*

**Federal Rule of Civil Procedure 15(a)(2)** provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." If the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. **Foman v. Davis**, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. **Campbell v. Ingersoll Milling Mach. Co.**, 893 F.2d 925, 927 (7th Cir. 1990).

When a plaintiff seeks to add new parties through an amended complaint, **Federal Rule of Civil Procedure 20** is implicated. See **Chavez v. Ill. State Police**, 251 F.3d 612, 631-32 (7th Cir. 2001). **Rule 20** provides that persons may join an action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction,

2

occurrence, or series of transaction or occurrences; and (B) any questions of law or fact common to all plaintiffs will arise in the action." **Rule 20(a)(1)**. "The standard for permissive joinder under **Rule 20** is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." **Charles Alan Wright et al., Federal Practice and Procedure § 1653** (3d ed. 2001); *see also* **Thompson v. Boggs**, 33 F.3d 847, 858 (7th Cir. 1994).

First, the plaintiffs correctly assert that their motion was timely brought because the Amended Report granted them until December 31, 2022, to join additional parties and to amend the pleadings [DE 90]. The plaintiffs argue that the four proposed plaintiffs are currently, or were at the time of the events giving rise to this action, firefighters with the East Chicago. To support the joinder of parties, the plaintiffs contend that the claims of the four additional plaintiffs directly arise out of the same conduct, transaction or occurrence set out in the original pleading. In fact, the four additional plaintiffs' claims are identical to the claims within the original complaint.

In response, the defendants only object to the addition of Manuel Paredes as a plaintiff. Specifically, the defendants argue that Paredes' medical problems predate the implementation of the eight-hour schedule, which gave rise to this suit. The defendants contend that Paredes' medical issues began in 2017, two years prior to the facts alleged in the plaintiffs' complaint, and therefore Paredes had until 2019 to file his claim due to the two-year statute of limitations for Section 1983 claims. Thus, the defendants contend that Paredes' claim is not timely.

The court disagrees with the defendants' contentions. This lawsuit pertains to more than just the alleged harm from the imposed eight-hour work schedule, but also includes alleged

violations of the plaintiffs' First Amendment rights. Manuel Paredes, no different from the other three proposed additional plaintiffs, was a firefighter in 2019 when the claimed retaliatory conduct transpired. Paredes claims to have suffered the same retaliatory conduct and adverse health issues because of the defendants' actions. Although Paredes may have had health issues that predate the defendants' conduct in this case, it does not preclude him from claiming his medical conditions were exacerbated by the defendants' actions. Accordingly, Paredes' claims arise out of the same transaction or occurrence, and any questions of law or fact are common to the proposed additional plaintiffs, including Paredes, and the original plaintiffs in this action. Because the occurrences are related, the court finds that the joinder of Manuel Paredes, Omar Nunez, Daniel Krull, and Michael Wiedemann Sr. is appropriate.

Based on the foregoing reasons, the Motion for Leave to File Amended Complaint [DE 92] is **GRANTED.**

ENTERED this 7th day of February, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge